**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

KIMBERLY MONIQUE CHRISTIAN                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:25-cv-785-KHJ-MTP

MISSISSIPPI DEPARTMENT OF
CHILD SUPPORT ENFORCEMENT                                     DEFENDANT

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on Plaintiff's Motion for Declaratory Determination [20]. Having considered the Motion [20], the undersigned recommends that it be denied.

On October 15, 2025, Plaintiff, proceeding *pro se*, filed this action against the Mississippi Department of Child Support Enforcement, alleging that the Department subjected her to "child support obligations that were never validly established through due process or lawful court proceedings." [1] at 2. Plaintiff asserts a claim for "Abuse of Process/Ultra Vires Act" and asserts claims for violations of the Due Process Clause, Equal Protection Clause, and Americans with Disabilities Act. *Id*. at 2-3.

On February 6, 2026, the Department filed an Answer [10], and on March 9, 2026, the Court entered a Case Management Order [15].

Shortly after the Court entered the CMO [15], Plaintiff filed the instant Motion [20]. In the Motion [20], Plaintiff provides a short, general lesson on exceptions to sovereign immunity and asks the Court to "[d]etermine that the defense of sovereign immunity does not bar Plaintiff's federal claims" and to "[p]ermit discovery to proceed without delay." *See* [1] at 3.

First, Plaintiff's request that the Court permit discovery is moot. The Court entered the CMO [15] allowing discovery to proceed on March 9, 2026—before Plaintiff filed the instant Motion [20].

Second, the remainder of the Motion [20] should be denied because Plaintiff did not file a memorandum brief as required by L.U. Civ. R. 7(b)(4) or otherwise provide the specifics needed to demonstrate that her Motion [20] should be granted.  In the Motion [20], Plaintiff states the following: (1) sovereign immunity does not bar all federal claims, (2) Congress may abrogate sovereign immunity, (3) courts may order prospective relief despite sovereign immunity, (4) state actors may be held liable for constitutional violations, (5) sovereign immunity cannot shield unconstitutional action, and (6) early resolution of immunity issues promotes judicial economy.

Plaintiff, however, provides no facts or analysis demonstrating that any of her statements of law apply in this case or how they might apply.  The Court cannot provide the facts and analysis for the Plaintiff.

## RECOMMENDATION

For the above-stated reasons, Plaintiff's Motion for Declaratory Determination [20] should be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 18th day of May, 2026.

s/ Michael T. Parker
United States Magistrate Judge