UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY MONQIUE CHRISTIAN                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 3:25-CV-785-KHJ-MTP

MISSISSIPPI DEPARTMENT OF                                    DEFENDANT
CHILD SUPPORT ENFORCEMENT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [22] Report and

Recommendation. The [22] Report recommends denying pro se Plaintiff Kimberly

Monique Christian's ("Christian") [20] Motion for Declaratory Determination

Regarding Sovereign Immunity. R. & R. [22] at 2. The Court adopts the [22] Report.

When a party objects to portions of a magistrate judge's report, the district

court must review those portions de novo. 28 U.S.C. § 636(b)(1). If no party objects,

the Court reviews the report under a "clearly erroneous, abuse of discretion and

contrary to law" standard. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.

1989). Even so, courts need not "reiterate the findings and conclusions of the

magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per

curiam), or consider "[f]rivolous, conclusive[,] or general objections . . . ." *Nettles v.

Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on

other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th

Cir. 1996) (en banc). And parties cannot "raise a factual objection by merely

reurging arguments contained in" previous filings. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

Christian sued the Mississippi Department of Child Support Enforcement ("Department"), alleging that the Department subjected her to child-support obligations "that were never validly established through due process or lawful court proceedings." Compl. [1] at 2. She asserts claims for abuse of process and for violations of the Due Process Clause, the Equal Protection Clause, and the Americans with Disabilities Act. *Id.* at 2–3. The Department answered, and the Court entered a [15] Case Management Order allowing discovery to proceed. Answer [10]; Order [15]. Christian then filed the [20] Motion, which offers six general propositions of sovereign-immunity law and asks the Court to "[d]etermine that the defense of sovereign immunity does not bar Plaintiff's federal claims" and to "[p]ermit discovery to proceed without delay." Mot. [20] at 3.

The [22] Report recommends denying the Motion for two reasons. First, the request to permit discovery is moot: the [15] Order opened discovery before Christian filed the [20] Motion. [22] at 1. Second, the request for a declaratory determination fails because Christian filed no memorandum brief, as Local Rule 7(b)(4) requires, and "provide[d] no facts or analysis demonstrating that any of her statements of law apply in this case or how they might apply." *Id.* at 2.

Christian timely objected. Obj. [23].[1] She argues that the [22] Report failed to construe her pro se filings liberally; that *Ex parte Young* permits prospective relief against ongoing violations of federal law; that Congress validly abrogated immunity for certain ADA claims; that immunity does not shield ultra vires conduct; and that denying the [20] Motion would improperly prevent development of the record. *See generally* [23]; Pl.'s Mem. in Supp. [24]. The Court has reviewed the portions of the [22] Report addressing those arguments de novo. Christian's objections fail.

Start with liberal construction. True, the Court holds pro se filings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Unit A Nov. 1981). Even construed with maximal generosity, the [20] Motion still recites propositions of sovereign immunity in the abstract. Liberal construction asks courts to look past defects in form. It does not ask—or permit—courts to rule on imaginary problems of sovereign immunity.

Christian also declares that denying the [20] Motion would improperly prevent the record's development. [23] at 5; [24] at 6–7. Quite the opposite. The [15] Order opened discovery. *See* [15]. The Court entered that [15] Order before

---

[1] Christian also filed a [25] Motion for Leave to File Supporting Memorandum Instanter. *See* Mot. [25]. Because the Court overrules Christian's [23] Objection and adopts the [22] Report, the [25] Motion is moot.

3

Christian filed her [20] Motion. So her request to permit discovery was moot on arrival.

The remaining objections largely restate the [20] Motion. Christian's invocations of *Ex parte Young*, congressional abrogation, and the ultra vires doctrine repeat the [20] Motion's general propositions—now with case names attached but without explaining how any of those doctrines applies to her claims. [23] at 2–6. Parties cannot object "by merely reurging arguments contained in" earlier filings. *Edmond*, 8 F.3d at 293 n.7.

For these reasons, the Court OVERRULES Christian's [23] Objection, ADOPTS the [22] Report as its opinion, DENIES Christian's [20] Motion, and FINDS AS MOOT her [25] Motion. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 17th day of June, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

4